UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER, Individually,

        Plaintiff,

v.

PALACE HOSPITALITY, INC., a Michigan Corporation,

        Defendant.

Case No. 2:15-cv-11678

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, Individually, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, PALACE HOSPITALITY, INC., a Michigan Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, LELAND FOSTER, is an individual residing in Swanton, OH, in the County of Fulton.

2. Defendant's property, RED ROOF INN is located at 2755 S. Lapeer Road, Orion, MI 48361 in OAKLAND County.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the

       judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, LELAND FOSTER is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Leland Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Additionally Leland Foster has difficulty grasping with his hands also as a result of his disability. Leland Foster was a hotel guest at the property that forms the basis of the complaint on January 25, 2015.  He has plans to return as a hotel guest.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

7. LELAND FOSTER is an avid adaptive sports enthusiast and participates regularly with the active southeast and mid-Michigan adaptive sports community, including in local marathons, half marathons, hand cycle events, adaptive skiing and adaptive water skiing at the areas many lakes with the various local organizations and other enthusiasts in the community. Leland Foster frequents many establishments in and around Lake Orion.  He is a frequent overnight hotel guest in the area when he comes to ski at nearby Mt. Brighton as well as the Pine Knob Ski & Snow Resort.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Red Roof Inn is located at 2755 S. Lapeer Road, Orion, MI 48360.

10. LELAND FOSTER has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this

complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. LELAND FOSTER desires to visit RED ROOF INN not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Red Roof Inn has shown that violations exist. These violations include, but are not limited to:

Parking and Accessible Routes

    A. Insufficient number of designated Accessible Parking Spaces in violation of the ADA whose remedy is readily achievable.

    B. No van Accessible Parking in violation of the ADA whose remedy is readily achievable.

    C. Pillars located in designated accessible parking spaces, obstructing their use in violation of the ADA whose remedy is readily achievable.

    D. Excessive slope from designated accessible parking to the hotel entry in violation of the ADA whose remedy is readily achievable.

Guestrooms

E.  Closet rack mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

F.  Bathroom mirror mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

G.  Bathroom coat-hook mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

H.  Bathroom door locking mechanism requires tight clasping or twisting to operate in violation of the ADA whose remedy is readily achievable.

I.  Shower head does not have mechanism to interrupt flow in violation of the ADA whose remedy is readily achievable.

J.  Accessible route to navigate guestroom has insufficient clear floor width in violation of the ADA whose remedy is readily achievable.

K.  Lamp on/off switch mounted in access of allowable range and requires tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

L.  Curtain rods mounted in excess of allowable range and requires tight clasping to operate in violation of the ADA whose remedy is readily achievable.

M.  Ironing board mounted below the designated accessible reach range in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

N. Lobby transaction counter height in excess of 36" in violation of the ADA whose remedy is readily achievable.

O. No accessible route to enter swimming pool due to lack of Adaptive Lift in violation of the ADA whose remedy is readily achievable.

P. Pool shower operable parts require tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

Q. Pool shower does not have detachable shower head with 59" hose in violation of the ADA whose remedy is readily achievable.

R. Insufficient clear floor space around fitness equipment in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

    S. Exposed pipe at lavatory not insulated to protect from scalding in violation of the ADA whose remedy is readily achievable.

Policies and Procedure

    T. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. Red Roof Inn, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities,

privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 et seq.

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. Red Roof Inn, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff

full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

22. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and exemplary damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr --   dated: May 11, 2015
Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net