UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LELAND FOSTER,

    Plaintiff,

v.

PALACE HOSPITALITY, INC.,

    Defendant.

Case No. 5:15-cv-11678-JCO-APP

Honorable John Corbett O'Meara



FILED
SEP 24 2015
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## CONSENT DECREE AND ORDER

WHEREAS, Plaintiff Leland Foster ("Foster") filed this action against Palace Hospitality, LLC, an Michigan Limited Liability Company ("Palace") in the United States District Court for the Eastern District of Michigan, Case Number 5:15-cv-11678;

WHEREAS, Foster alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301 at a facility commonly referred to as Red Roof Inn located at 2755 S. Lapeer Road, Orion, MI 48361 (the "Property");

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings and have voluntarily entered into a Complete and Permanent Settlement and Release Agreement ("the Agreement");

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order and in the Agreement, the parties request the Court to enter consent judgment accordingly.

1. <u>Undertakings by Defendant Palace:</u>

Without an admitting liability, in response to and in settlement of the allegations contained in Foster's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, Palace agrees to, within six (6) months following the Court's entry of this Consent Decree, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of Palace such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages, perform the following barrier removal, alterations, and modifications at and to the Property:

A. Palace will relocate and replace one existing designated accessible parking servicing the primary guestroom parking lot with a fully compliant designated accessible parking space with required access aisle, signage and on a level surface not to exceed 2% slope and cross slope.

B. Palace will create an accessible route, with compliant curb ramp, from the new designated accessible parking space and the main building guestrooms.

C. Palace will modify sidewalks and curb ramps in order to create a compliant accessible route from the lobby's designated accessible parking to the lobby entrance.

D. Palace will lower or provide an alternate toilet cover dispenser and towel dispenser in men's and women's lobby restrooms that complies with Section 308.2.1 of the 2010 Standards.

E. Palace will install shower controls at the pool shower that shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist to operate to comply with section 309.4 of the 2010 Standards.

F. Palace will lower designated accessible guestroom bathroom mirrors so that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor to comply with section 603.3 of the 2010 Standards.

2

    G.    Palace will lower designated accessible guestroom door lock latches to a height not to exceed 48 inches to comply with Section 308.2.1 of the 2010 Standards.

    H.    Palace will install a fixed folding seat in the designated accessible guestroom roll-in shower compartment that complies with Section 610.3 of the 2010 Standards.

    I.    Palace will create and adopt reasonable policies and procedures to maintain accessible features and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities to comply with Department of Justice ADA Title III Regulation 28 CFR Part 36.302(a).

2.    <u>Undertakings by Plaintiff Foster</u>:  Foster agrees that he is releasing Palace and Palace's parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order. Foster further agrees that the completion of the above-referenced modifications will fully resolve his claims against Palace in the above-captioned matter, and consents to the Court's dismissal of this matter.

3.    The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Michigan Law.

4. Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable.

5. <u>Jurisdiction</u>: The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Eastern District of Michigan. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

6. <u>Judgment</u>: Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The Court enters judgment accordingly:

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Michigan Law as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the concurrence of each of the parties, this matter be dismissed with prejudice and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

The Clerk of Court is directed to enter judgment accordingly.

Date: Sept 24, 2015

_____
Honorable John Corbett O'Meara
United States District Court Judge


Approved by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Patrick N. Butler
Patrick N. Butler, Counsel for the Defendant

5